IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER DARR,<br><br>    Plaintiff,<br><br>v.<br><br>BEAVER COUNTY AUTO,<br><br>    Defendant. | Case No.  2:20-cv-1474<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Christopher Darr, by and through his attorney, Prabhu Narahari, Esq., of Ruppert Manes Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this Complaint to recover damages under the Americans With Disabilities Act ("ADA"), 42 U.S.C.A. 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that he was wrongfully terminated from his position as a result of his disability of extreme and persistent back pain.

### II. Jurisdiction and Venue

2.  This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under Title VII on December 17, 2019, under charge number 533-2020-00592. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on July 14, 2020. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2.*

### III. Parties

7. Plaintiff, Christopher Darr ("Plaintiff"), is an adult individual with a primary residence located at 109 Milan Drive, Beaver Falls, PA 15010.

8. Defendant, Beaver County Auto, formerly Latsko Automotive ("Defendant"), is a Pennsylvania business corporation with a regular place of business located at 2161 Constitution Boulevard, Beaver Falls, PA 15010.

### IV. Facts

9. Plaintiff began working for Defendant in May 2001. Defendant is a new and used vehicle retailer that employs between fifty and one hundred individuals. When Plaintiff began his employment, Defendant was called Latsko Automotive.

10. Plaintiff was a full-time employee who typically worked approximately sixty hours per week. He began working as a salesman, but, eventually, he was promoted to the position of General Sales Manager. In this role, his job responsibilities included the oversight of all sales and operations for the entire facility, as well as general human resources and employee relations.

11. Over the course of his eighteen years working for Defendant, Plaintiff developed a serious lower back condition which resulted significant physical constraint and extreme pain.

12. As a result, Plaintiff underwent regular treatments with his physician to address the lack of mobility and intense pain that he experienced.

13. Typically, Plaintiff scheduled his doctor's appointments in the early morning hours so that he would not have to leave work during the day. At times, this resulted in slight lateness to his usual morning shifts.

14. Plaintiff explained to Defendant owner, PJ Latsko, that if he were ever tardy due to a doctor's appointment, he would stay at work late in order to make up for the time that he missed in the morning.

15. This wasn't a problem for Plaintiff, as he often worked longer-than-expected hours. Frequently, Plaintiff was the last employee to leave in the evenings after the facility closed.

16. Despite this, Mr. Latsko expressed a displeasure at the fact that Plaintiff was required to attend frequent medical appointments.

17. Additionally, for several years, employees were permitted to park their personal vehicles beside Defendant's main building. Because of his back injury, Plaintiff took advantage of these parking spaces, which were close to the entrance to the building.

18. At one point, Mr. Latsko informed Plaintiff and others that they were no longer permitted to park there.

19. Plaintiff reminded Mr. Latsko of his physical disability and requested that he be able to park beside the building in order to limit the distance that he had to walk into work. Mr. Latsko laughed and refused to respond. As a result, Plaintiff was not permitted to park alongside of the building.

20. Because of this restriction, Plaintiff requested that a salesperson or lot attendant park his car for him so that he would be able to get into work without walking a far distance – a task which had become physically impossible for him.

21. As a result of this request, Mr. Latsko mocked Plaintiff in front of other employees, making fun of his physical disability and the struggles that he faced in terms of mobility.

22. Soon thereafter, Mr. Latsko accused Plaintiff of sleeping during a training meeting for management. Plaintiff was confused by the accusation, as he had never fallen asleep while at work. Plaintiff explained to Mr. Latsko that he had been in extreme pain during the meeting, and that he had actually had been stretching in an attempt to relieve some of the pain. He was not sleeping during the meeting.

23. Mr. Latsko then diminished Plaintiff's disability and told him to project a positive example for the employees of Defendant.

24. Plaintiff was then terminated the next day without explanation.

<u><b>COUNT I</b></u><br><b>Disability Discrimination in Violation of the ADA</b>

25. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

26. In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show:

   a. "He is a disabled person within the meaning of the ADA;

   b. He is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer;

   c. He has suffered an otherwise adverse employment decision as a result of the discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

27. The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. <u>Tice v. Centre Area Transport Authority</u>, 247 F.3d 506 (3rd Cir. 2001).

28. The term "disability" is defined under the ADA as:

   a. "A physical or mental impairment that substantially limits one or more major life activities of such individual;

   b. A record of such an impairment; or

   c. Being regarded as having such an impairment." 29 C.F.R. § 1630.2(g).

29. Here, Plaintiff is disabled as a result of his serious back condition. The issues related to his back limited his ability to walk and caused him significant pain. Further, at all relevant points, Plaintiff was under the care of a physician for treatment of his back condition.

30. Plaintiff was otherwise well qualified for his position and was able to perform the essential functions of his job. He was promoted to the position of General Sales Manager because of his stellar employment history. Plaintiff further had no disciplinary warnings throughout his career.

31. Plaintiff suffered adverse employment action when he was fired, without cause. His termination came shortly after he requested two reasonable accommodations. Further, immediately prior to his termination, Plaintiff was accused of falling asleep during a meeting. Plaintiff explained that he was not asleep, but was stretching to alleviate his persistent back pain.

32. Despite this, Plaintiff was terminated the next day. No reason was provided for his termination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in his favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees,

prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
### Disability Discrimination in Violation of PHRA

33. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

34. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. Bialko v. Quaker Oats Co., 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (*citing* Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

35. Here, Plaintiff was disabled under the ADA and, respectively, under the PHRA.

36. Plaintiff was qualified to perform the essential functions of his position.

37. Plaintiff suffered an adverse employment action when he was fired without cause, shortly after making several requests for reasonable accommodation.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in his favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT III
### Failure to Accommodate in Violation of ADA

38. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

39. The ADA further requires that employers make "reasonable accommodations" unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A).

40. It is the burden of the employee to show that the employer failed to offer a reasonable accommodation in response to a known disability. <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d 296 at 319.

41. In order to show that such a failure occurred, a plaintiff must demonstrate that:

   a. "The employer knew about the employee's disability;

   b. The employee requested accommodations or assistance for his or her disability;

   c. The employer did not make a good faith effort to assist the employee in seeking accommodations; and

   d. The employee could have been reasonably accommodated but for the employer's lack of good faith." <u>Id</u> at 319-20.

42. Defendant was made aware of Plaintiff's disability on numerous occasions, including on the occasions wherein Plaintiff requested accommodation.

43. Plaintiff made two specific requests for accommodation of his disability. First, he asked to be permitted to attend work slightly late on the mornings when he had a medical appointment. Second, Plaintiff requested the ability to park close to the building to limit the amount that he had to walk.

44. Defendant not only disregarded these requests for accommodation, but he openly mocked Plaintiff for his disability.

45. The accommodations requested by Plaintiff were completely reasonable in nature. Plaintiff's main request, that he be able to park near the building, was something that employees

of Defendant had done for years. The accommodation was inexplicably revoked, and no alternative was provided to Plaintiff

46.     Plaintiff further offered to work late to make up for the brief period that he would miss on mornings when he came in slightly late. Mr. Latsko simply scoffed at this request.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in his favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID: 323895
**Ruppert Manes Narahari LLC**
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@rmn-law.com

## VERIFICATION

      I, Christopher Darr, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Christopher Darr